UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN PETERSON and CAROLINE PETERSON, husband and wife, and MORRIS PETERSON and ROMA PETERSON, husband and wife, Plaintiffs, | ) ) ) ) ) ) | |
| vs. | ) ) | 1:08-cv-884-RLY-TAB |
| TOWN OF FISHERS, Defendant. | ) ) ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT'S MOTION TO DISMISS**

**I.     Introduction**

Plaintiffs, Kevin Peterson, Caroline Peterson, Morris Peterson, and Roma Peterson ("Petersons"), filed the present action under 42 U.S.C. § 1983 ("Section 1983") against the defendant, the Town of Fishers ("Town"), arising out of the Town's construction of a sports park adjacent to the Petersons' property and the Petersons' attempts to challenge the construction to the Fisher's Board of Zoning Appeals ("BZA"). The Petersons now seek a preliminary injunction to bar further construction on the sports park. The Town opposes the preliminary injunction and also seeks to dismiss the case for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. At the July 29, 2007, hearing, the court heard oral argument and the parties submitted evidence relevant to the pending motions. Considering the parties' written and oral arguments and the evidence

1

submitted at the hearing, the court now **DENIES** the Petersons' motion for preliminary injunction and **GRANTS** in part and **DENIES** in part the Town's motion to dismiss.

## II.     Facts

The undisputed facts in this case are as follows. Around the spring/summer of 2006, the Town decided to build a sports park adjacent to the Petersons' property. The Petersons property and the sports park are located in unincorporated Fall Creek Township. The Town of Fishers maintains planning and zoning jurisdiction over unincorporated Fall Creek Township. The Town also maintains planning and zoning jurisdiction over unincorporated Delaware Township.

The sports park will consist of five sports fields. It will have over 500 parking spaces, a building with restrooms and a concession stand, and an irrigation system for the fields. The plans include lighting for the parking lot. The Town has no current plans to install lighting for the sports fields. The Town also has no plans to install scoreboards or loud speakers. The sports park is currently under construction and is projected to open in 2010.

When the Petersons learned of the Town's plans to build the sports park, they began attending Town Council meetings to oppose the plans. The Petersons oppose the construction of the sports park on zoning grounds, arguing that the sports park is not a "conventional park" allowed under the applicable zoning ordinances. On June 25, 2007, the Petersons first challenged the complex by filing a Request for Administrative Interpretation. It was denied by the Director of the Fishers Development Department.

The Petersons then sought review of this determination by the BZA on August 10, 2007. The matter was set for a hearing on September 25, 2007, but the hearing was continued. The matter was set again for hearing on February 27, 2008. At this hearing, the Petersons challenged the composition of the BZA, arguing that it did not adequately represent residents of unincorporated Fall Creek Township and thus violated state law and the Plaintiffs' constitutional rights. After hearing Plaintiffs' challenge to the BZA's composition of the BZA, the BZA tabled Plaintiffs' appeal.

On May 13, 2008, a representative from unincorporated Delaware Township was appointed to the BZA. The Town asserts that this appointment puts the composition of the BZA in compliance with the relevant Indiana law. On May 28, 2008, the BZA again set the Petersons' appeal for hearing. Before the hearing on May 28, 2008, the Petersons withdrew their appeal, via a letter from their attorney, arguing that it would be futile to engage in the appeal to a board which violated their state and constitutional rights.

The Petersons assert that Indiana Code § 36-7-4-903 requires the establishment of a separate division of the BZA consisting only of residents of the unincorporated area and having territorial jurisdiction in the unincorporated area. The Petersons argue that because the BZA did not comply with this requirement, they did not have adequate representation on the BZA. As a result, the Petersons argue, they were effectively prevented from seeking further review of the Town's construction of the sports park. The Petersons assert that this violates their rights to due process and equal protection and on that basis brings the present Section 1983 case.

As the Town challenges the court's subject matter jurisdiction in its motion to dismiss, the court will first address that motion. The court will then address the Town's motion to dismiss on the merits, and the Petersons' motion for preliminary injunction.

### III.  The Town's Motion to Dismiss

The Town seeks to dismiss the Petersons' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### A.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (discussing Rule 12(b)(1) standard); *Mallet v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997) (discussing Rule 12(b)(6) standard).

When deciding a motion to dismiss under Rule 12(b)(1), the court may look beyond the complaint and consider other evidence to determine if subject matter jurisdiction exists. *Ezekiel*, 66 F.3d at 897.

In contrast, under Rule 12(b)(6), the court may only examine the complaint itself

to determine whether the plaintiff states a claim upon which relief may be granted. *See Fleischfresser v. Dirs. of School Dist. 200*, 15 F.3d 680, 684 (7th Cir. 1994). To withstand a motion to dismiss under Rule 12(b)(6), the complaint must provide enough detail to give the defendant fair notice of the claim and show it is plausible, not merely speculative, that plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

   **B.** **Subject Matter Jurisdiction**

  The first issue the court must address is whether it has subject matter jurisdiction to decide this case. The Town asserts that the court does not have subject matter jurisdiction because the Petersons failed to exhaust their administrative remedies prior to filing the present lawsuit.

  The starting point of the court's analysis must begin with the Supreme Court's decision in *Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985). In that case, the Supreme Court held that before a Section 1983 plaintiff may assert a Fifth Amendment takings claim in federal court, the plaintiff must show that: "(1) the regulatory agency has had an opportunity to make a considered definitive decision, and (2) the property owner exhausts available state remedies for compensation." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citing *Williamson County*, 473 U.S. 193-94 (1985)). The Seventh Circuit has interpreted the holding in *Williamson County* broadly in land use cases, applying the finality and exhaustion requirements to takings claims which are pled or "labeled" as procedural due process and equal protection

5

claims. *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 960 (7th Cir. 2004) ("[O]ur case explains that the *Williamson County* exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim."); *Forseth*, 199 F.3d at 370 ("Because the Forseths' 'labeled' substantive due process claim falls within the framework for takings claims, [internal citations omitted], we hold that their substantive due process claim is subject to *Williamson*'s requirement that they seek a final decision and pursue state court remedies before federal courts have jurisdiction to hear their case."). However, the Seventh Circuit has held that "bona fide" Section 1983 due process and equal protection claims are not subject to *Williamson County*'s procedural prerequisites. *Id.* ("However, this Circuit recognized in *Hager v. City of West Peoria* [84 F.3d 865, 869 (7th Cir. 1996)] that *bona fide* equal protection claims arising from land-use decisions can be made independently from a takings claim and without being subject to *Williamson* ripeness."). Rather, such claims are subject to the general rule that a Section 1983 plaintiff asserting a non-takings claim is not required to exhaust state remedies prior to filing suit in federal court. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 n. 2 (7th Cir. 2005); *see also Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 453 (7th Cir. 2002) ("[T]he additional ripeness requirements of *Williamson County* create a takings claim exception to [the] general requirement that exhaustion is not required in § 1983 suits."); *Scudder v. Town of Greendale, Indiana*, 704 F.2d 999, 1002 (7th Cir. 1983) ("[E]xhaustion of state remedies is not a condition precedent to bringing suit in

federal court under 42 U.S.C. section 1983.").

Thus, the resolution of the court's jurisdiction turns on whether the Petersons' procedural due process and equal protection claims are merely "labeled" as such, or whether they are, in fact, bona fide non-takings claims.  The Petersons' Complaint alleges that the BZA was not properly constituted under Indiana law and lacked jurisdiction, and that therefore, the Petersons were barred from seeking further judicial review of the Town's decision to construct the sports park.  The Petersons' claims, even interpreted broadly, are not disguised "takings" claims.  Rather, they are claims challenging the process by which the Town made its zoning/planning decisions. The court therefore finds that it has subject matter jurisdiction over the Petersons' Section 1983 procedural due process and equal protection claims.

### C. Merits of the Town's Motion to Dismiss

The court now turns to the merits of the Petersons' Complaint.  The court will begin its discussion with the Petersons' procedural due process claim.

#### 1. Procedural Due Process

The Petersons' Complaint asserts that the BZA violated their procedural due process rights because it was not composed in accordance with state law.  Complaint ¶ 45 (The Town's "failure to implement Indiana Code § 36-7-4-903(a)(1) violates Plaintiffs' rights to Due Process under the Fourteenth Amendment to the United States Constitution.").  The Petersons' claim is fatally flawed because they may not base a due process claim on a contention that a governmental entity violated state law.  *See Kasper v.*

7

*Board of Election Com'rs of the City of Chicago*, 814 F.2d 332, 342 (7th Cir. 1987) ("A violation of state law does not state a claim under § 1983. . . ."); *see also Indiana Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 711 (7th Cir. 2004) ("[A]n error of state law is not a violation of due process."); *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166-67 (7th Cir. 1994) ("Failure to implement state law violates the state law, not the Constitution; the remedy lies in state court.").

In their Response Brief, the Petersons acknowledge the case law stated above, but argue that the court "should not focus exclusively on the state law at issue, but . . . on the federal protected right, the process afforded for that right's protection, and whether such process constitutes 'due process.'" (Plaintiffs' Response at 18). They then argue three reasons why their due process claim should not be dismissed. The court addresses each of these reasons below.

First, the Petersons cite *Parratt v. Taylor*, 451 U.S. 527 (1981) and its progeny for the proposition that they had the right to "pre-deprivation" process before a body that is responsible to unincorporated Fall Creek residents. This claim appears nowhere in their Complaint but is raised for the first time in their Response Brief. In any event, the Petersons appealed the Administrative Interpretation to the BZA, as was their right, and voluntarily withdrew that appeal. To the extent the Petersons are arguing that they were denied due process because the BZA was improperly constituted and lacked jurisdiction, such argument is simply another way of saying that the BZA violated Indiana zoning law – an argument which, as shown above, lacks merit.

Second, the Petersons argue they "were denied the opportunity to be heard in any meaningful way because they were not given an opportunity for a hearing before a body that is responsible to unincorporated Fall Creek Township residents." (Plaintiffs' Response at 21). This argument incorrectly assumes that the BZA was the only available procedural remedy for addressing their zoning issues. That is simply not the case. Under Indiana law, a landowner may take a zoning issue directly to the Indiana trial courts (and bypass the BZA entirely) if the administrative appeal "is inadequate or where pursuit of it would be futile." *Area Plan Comm'n of Evansville v. Major*, 720 N.E.2d 391, 397 (Ind. Ct. App. 1999). Thus, the Petersons could have filed an action in state court if they firmly believed that the BZA in fact lacked jurisdiction. Instead, the Petersons failed to utilize their available state remedies and filed the present Section 1983 action in federal court. As there are state court remedies available, the Petersons' argument lacks merit. *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) ("Given the availability of state court remedies that have not been shown to be inadequate, plaintiffs have no [Section 1983] procedural due process claim."); *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 179 (7th Cir. 1996) ("To succeed on its takings and due process claims, Covington first must show that it has availed itself of state court remedies."); *River Park*, 23 F.3d at 167 ("[T]he idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, so that the only procedural rules at stake are those local law provides, and these rules must be vindicated in state court.").

Finally, the Petersons argue that the BZA was biased and prejudiced against them. Assuming that this is true, as the court must on a motion to dismiss, the Petersons wholly fail to explain why they could not have pursued an appeal to state court. Because they have failed to show that state remedies are inadequate – a necessary prerequisite to a Section 1983 procedural due process claim – Plaintiff's Section 1983 claim fails as a matter of law. *Veterans Legal Defense Fund*, 330 F.3d at 941. The Town's motion to dismiss the Petersons' procedural due process claim is therefore **GRANTED**.

### 2. Equal Protection Claim

The Petersons equal protection claim fairs no better. In order to assert an equal protection claim in the land use context, "the plaintiff must demonstrate 'governmental action wholly impossible to relate to legitimate governmental objectives.'" *Forseth*, 199 F.3d at 370-71 (7th Cir. 2000).

The Petersons' Complaint alleges "that the [Town's] failure to implement Indiana Code § 36-7-4-903(a)(1) violates [the Petersons'] rights to Equal Protection . . . ." They further allege that citizens within the Town's corporate limits are entitled to a properly constituted BZA, but that citizens residing within the unincorporated Fall Creek Township are not. This "unequal treatment" comprises their equal protection claim. Thus, the whole premise of the Petersons' equal protection claim is that the Town violated the Indiana zoning statute governing the membership of the BZA. As previously stated, a violation of state law cannot support an equal protection claim. *See, e.g., Pro-Eco, Inc. v. Board of Comm'rs of Jay County, Indiana*, 57 F.3d 505, 515 (7th Cir. 1995)

(state law violations do not support an equal protection claim).  Moreover, the Petersons' claim that they lacked a "meaningful opportunity" to obtain review of the zoning decision at issue is really a restatement of their procedural due process claim.  As noted many times in this entry, they had the opportunity to appeal to the BZA, or, if the BZA lacked jurisdiction, to appeal directly to an Indiana state court.  The Petersons failed to avail themselves of these state court remedies.  They now cannot be heard to complain of an equal protection violation.  The Town's motion to dismiss the Petersons' equal protection claim is therefore **GRANTED**.

## IV.    The Petersons' Motion for Preliminary Injunction

In order to obtain a preliminary injunction, the moving party must show:

> 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest.

*St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Linnemeir v. Board of Trustees of Purdue Univ.*, 260 F.3d 757, 761 (7th Cir. 2001)).

In this case, the Petersons fail to establish that a preliminary injunction is appropriate.  First, as discussed above, their Complaint fails to state a procedural due process or equal protection claim.  Thus, the Petersons do not have a reasonable likelihood of success on the merits of their claims.  Additionally, they fail to show they will suffer irreparable harm if the injunction does not issue.  The sports park is not

scheduled for completion until 2010. If the Petersons' prevailed on their claims, the improvements to the park, including the parking lot and irrigation system, could be removed and the land returned to its previous state, an empty lot.

The Petersons likewise cannot show that no adequate remedy at law exists because monetary damages could compensate them for any decrease in the value of their land due to the sports park. Lastly, a preliminary injunction would harm the public interest because, as the testimony at the hearing revealed, the sports park will be for public use.[1]

## V.  Conclusion

For the reasons set forth below, the court finds it has subject matter jurisdiction over the Petersons' procedural due process and equal protection claims, but that those claims fail to state a claim upon which relief can be granted. Accordingly, the Town of Fisher's Motion to Dismiss (Docket # 13) is **GRANTED**. The court further finds, given that ruling, that the Plaintiffs' Motion for Preliminary Injunction (Docket # 8) must be **DENIED**.

**SO ORDERED** this 24th day of September 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Town argues that the balance of harms does not favor issuing the injunction as halting construction would cost the Town approximately $93,000.00 and the only injury the Petersons have identified—a threat to their property value and quality of life—is merely speculative at this point. However, the Town submitted no evidence of this cost with its brief or at the hearing. Thus, the cost to both parties is speculative at this point, and the balance of harms does not weigh in favor or against issuing an injunction.

Electronic Copies to:

Mark Jason Crandley
BARNES & THORNBURG LLP
mcrandley@btlaw.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Gregory K. Silver
GREGORY K. SILVER, ATTY AT LAW
trusteegksilver@yahoo.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com